1

2 David C. Parisi, Esq. (162248)
Suzanne Havens Beckman, Esq. (188814)
3 PARISI & HAVENS LLP
15233 Valleyheart Drive
4 Sherman Oaks, California 91403
(818) 990-1299 (phone)
5 (818) 501-7852 (facsimile)
dcparisi@parisihavens.com
6 shavens@parisihavens.com

ORIGINAL FILED

JUN 8 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

7 *Attorneys for Plaintiff Harold Holmes*

8

9 **IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 HAROLD HOLMES, an individual, on his
own behalf and on behalf of all others
12 similarly situated,

No.

13 Plaintiff,

**COMPLAINT**

CLASS ACTION

14 v.

WHA

CV 09 2540

15 COLLECTION BUREAU OF AMERICA,
LTD., a California corporation, and BAY
16 AREA CREDIT SERVICE, LLC, a California
limited liability company, and DOES 1-100,
17 inclusive,

18 Defendants.

19 **CLASS ACTION COMPLAINT**

20 Plaintiff Harold Holmes ("Holmes" or "Plaintiff"), by his attorneys, makes this

21 complaint against Defendants Collection Bureau of America, Ltd., and Bay Area Credit

22 Service, LLC (collectively, "Defendants"). Holmes's allegations are based on information and

23 belief, except to his own actions, which are based on knowledge. Holmes's information and

24 belief are based on the investigation of his counsel, and facts that are a matter of public record.

25 **Nature of the Claim**

26 1. This class action arises from Defendants' debt collection activities. Defendants are

27 major national debt collectors. Defendants violate the Fair Debt Collection Practices Act

28 reporting consumer debts to the credit reporting agencies (including TransUnion, Experian,

and Equifax) ("CRAs"), but failing to report that the consumers have disputed those debts.

Class Action Complaint

(15 U.S.C. §§ 1692-1692p), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") (Cal. Civ. Code §§ 1788-1788.33), and California's Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code §§ 1785.1-1785.36), and unfair competition law ("UCL") (Cal. Bus. & Prof. Code § 17200). These practices have caused Holmes and other consumers actual damages in the form of declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

3.        This is a class action brought on behalf of persons who disputed debts which Defendants failed to report to the CRAs as disputed. Holmes seeks remedies including actual damages, statutory damages, attorneys' fees, and injunctive and equitable relief, where applicable, under the FDCPA (15 U.S.C. § 1692k(a)), CCRAA (Cal. Civ. Code § 1785.31), RFDCPA ( Cal. Civ. Code § 1785.33) and the UCL (Cal. Bus. & Prof. Code § 17203).

**Parties**

4.        Plaintiff Harold Holmes is a natural person residing in San Diego, California.

5.        Defendant Bay Area Credit Service, LLC ("BACS") is a California limited liability company which maintains its headquarters at 1901 West 10th Street, Antioch, California 94509, in Contra Costa County.

6.        Defendant Collection Bureau of America, Ltd. ("CBA") is a California corporation which maintains its headquarters at 25954 Eden Landing Road, Hayward, California 94545 in Alameda County.

7.        Defendants' primary business is the purchase and collection of defaulted or charged-off accounts receivable portfolios. These account receivable portfolios consist primarily of debts which consumers incurred or purportedly incurred with third parties for personal, family, or household purposes, and which the third parties assigned or transferred to Defendants after the debts have defaulted.

**Jurisdiction and Venue**

8.      Holmes asserts federal claims under the FDCPA. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

9.      This Court has personal jurisdiction over the Defendants under Cal. Code Civ. Proc. § 410.10 because, *inter alia*, the acts alleged herein were committed in Alameda County and Contra Costa County.

10.     Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2), (c).

### Intradistrict Assignment

11.     A substantial part of the events which give rise to the claim occurred in Alameda and Contra Costa Counties. Under Local Rule 3-2(c), (d), this civil action should be assigned to the San Francisco or Oakland division of the Northern District of California.

### Allegations as to Plaintiff's Individual Claims

12.     **Holmes's Disputed, False Debt:** Holmes disputes two AT&T bills for telephone service which were sent in August 2007. The first bill was for $143.06 for an account No. 8585054602509 ("Account No. '509"). The second bill was for $60.08 for an account No. 8585656513468 ("Account No. '468"). Holmes disputed certain portions of the bill for Account No. '509, and paid the remainder. Holmes disputed the entire bill for Account No. '468 because it was a duplicative account erroneously set up by AT&T.

13.     Holmes promptly disputed the unpaid amounts under both Accounts with AT&T. On October 10, 2007, AT&T sent Holmes a collections letter asserting that Account No. '509 was $88.45 overdue. On December 12, 2007, AT&T sent Holmes a collections letter asserting that Holmes owed $60.08 on Account No. '468. On January 3, 2008, AT&T sent Holmes a collections letter asserting that Holmes owed $228.03 on Account No. '468.

14.     **Defendants Purchase the False Debt:** On information and belief, AT&T sold this debt to debt collectors. This false debt was then resold through a series of debt collectors. In every sale, the false debt was sold at greater and greater discounts from its face value, partly because Holmes consistently disputed the debts with these various debt

collectors, presenting a variety of documentation for his position, and recovery on the false debt was increasingly uncertain.

15.     On information and belief, Defendants purchased the false debt at the end of this chain at a deep discount from its face value. On information and belief, Defendants were fully informed that Holmes disputed the false debt or, in the alternative, reasonably should have known Holmes disputed the false debt, based in part on the discount from the supposed debt's face value.

16.     **Holmes Disputes the False Debt With BACS:** On February 11, 2008, BACS sent Holmes a collection letter asserting that $307.09 was owed to "AT&T West," and referencing an account number 77116434 ("Account No. '434"). On March 24, 2008, Holmes sent a letter disputing Account No. '434 and any debts purportedly owed on that account. On May 1, 2008, Holmes's attorney sent a letter disputing Account No. '434 and any debts purportedly owed on that account.

17.     On November 5, 2008, BACS sent another collection letter asserting that $343.52 (consisting of $305.41 plus $38.11 interest) was owed to "AT&T West," and referencing a new account number – 79653230 ("Account No. '230"). On November 25, 2008, Holmes sent BACS a letter disputing Account No. '230 and any debts purportedly owed on that account. (A true and correct copy of Holmes's November 25, 2008 letter to BACS is attached as Exhibit A.)

18.     **BACS Fails to Report the False Debt As Disputed:** Holmes obtained a credit report from TransUnion dated February 2, 2009. (An excerpt of this February 2, 2009 TransUnion credit report, redacted pursuant to Federal Rule 5.2, is attached as Exhibit B.) This credit report contained a derogatory tradeline from BACS, indicating that Holmes owes $305 to "AT T West" under Account No. '230 in December 2008. The credit report does not have any indication that Holmes disputed Account No. '230 on November 25, 2008. Under 15 U.S.C. § 1681c(f), if BACS reported that Holmes disputed Account No. '230 to TransUnion, TransUnion had to include that information in the credit report.

19.     On May 8, 2009, Holmes obtained a credit report from Experian, and on May 9, 2009, Holmes obtained a credit report from Equifax. Both credit reports contain a derogatory tradeline from BACS indicating that Holmes owed $305 to "AT T West" in December 2008. Neither tradeline provides any indication that Holmes disputed Account No. '230 on November 25, 2008. Under 15 U.S.C. § 1681c(f), if BACS reported that Holmes disputed Account No. '230 to Experian and Equifax, those CRAs had to include that information in their respective credit reports.

20.     On the basis of the foregoing, Holmes alleges that BACS reported credit information about Holmes and, specifically, about Account No. '230 to the CRAs, but failed to communicate that Holmes disputed the false debt on November 25, 2008.

21.     **Holmes Disputes the False Debts With CBA:** On May 9, 2008, CBA sent Holmes a collection letter asserting that $316.89 (consisting of $305.88 in addition to $11.01 in interest) was owed to "AT&T – California," referencing account number 8585656513468 (that is, Account No. '468). This May 9, 2008 letter also contained the following notation:

> *** Make your payments online @ www.PAYCBA.com Please use account # 1150994 ***

(referred to as "Account No. 1150"). (A true and correct copy of CBA's May 9, 2008 letter is attached as Exhibit C.) On the basis of the foregoing, Holmes alleges that CBA uses Account No. 1150 as an internal reference to Account No. '468, and that the two Accounts are the same alleged debt.

22.     On June 9, 2008, Holmes sent a letter to CBA disputing Account No. '468 and any debts purportedly owed on that account. (A true and correct copy of Holmes's June 9, 2008 letter is attached as Exhibit D.) On July 16, 2008, CBA sent Holmes another collection letter asserting that $326.66 (consisting of $305.41 in addition to $21.25 in interest) was owed to "AT&T – California" which also referenced Account No. 1150 (but not Account No. '468).

23.     **Holmes Disputes the False Debts With the CRAs:** On August 22, 2008, Holmes obtained a summary of his credit reports from each of the three CRAs from Privacy Matters 123 which indicated that CBA had reported Account No. 1150 to each of the CRAs.

On or about October 30, 2008, Holmes disputed the Account No. 1150 tradeline in writing with each of the CRAs pursuant to 15 U.S.C. § 1681i(a)(1).

24.     On November 14, 2008, TransUnion notified Holmes that it deleted the Account No. 1150 tradeline from his credit report pursuant to 15 U.S.C. § 1681i(a)(6). Equifax and Experian also notified Holmes that the Account No. 1150 tradeline had been deleted from his credit reports on December 10, 2008 and December 19, 2008, respectively. On the basis of the foregoing, Holmes asserted that CBA's documentation for Account No. 1150 was inaccurate, incomplete, or could not be verified.

25.     **CBA Fails to Report the False Debts As Disputed:** Holmes obtained a credit report summary from Experian dated November 25, 2008. (A true and correct copy of the November 25, 2008 Experian summary is attached as Exhibit E.) The summary contained a derogatory tradeline which indicated that, beginning in June 2008, CBA reported that Holmes owed $305 to "AT T – CALIFORNIA" under Account No. 1150. The tradeline contains the notation "Collection as of Jul 2008. Jun 2008" in the section marked "Account History," and there is no indication that Holmes disputed Account No. 1150. Under 15 U.S.C. § 1681c(f), if CBA reported that Holmes disputed Account No. 1150 to Experian, Experian had to include that information in the credit report.

26.     On the basis of the foregoing, Holmes alleges that CBA reported credit information about Holmes and, specifically, about Account No. 1150 to the CRAs, but failed to communicate that Holmes disputed the false debt on June 9, 2008.

### Class Action Allegations

27.     **Class Definitions:** Holmes seeks certification of two classes, one against BACS and one against CBA. Holmes brings this Complaint against BACS and CBA, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the class of all natural persons

(a)     whom BACS and/or CBA reported, stated, or represented to any CRA as owing a debt without also communicating to the CRA that the person disputed the debt; and

(b)     which debt BACS and/or CBA knows or should know is disputed because i) the person disputed such debt in writing with BACS and/or

CBA, or ii) when Defendant purchased the right to collect such debt, the person selling the debt alerted or notified Defendant that the person had disputed such debt; except

(c)     not any person who is i) any Judge or Magistrate presiding over this action and members of their families; ii) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest, and current or former employees, officers and directors of Defendants; iii) persons who properly execute and file a timely request for exclusion from the class; iv) and the legal representatives, successors or assigns of any such excluded persons.

("BACS Class" and "CBA Class," respectively). Members of each Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice. Members of each Class can be readily identified by cross-referencing Defendants' records of communications with consumers and those with the CRAs.

28.     **Class Numerosity:** The exact number of members of either Class is unknown and is not available to Holmes at this time, but such information is readily ascertainable by Defendants. Holmes believes that members of each Class number in the hundreds or thousands. Therefore, individual joinder of all members of the class is likely to be impracticable.

29.     **Class Commonality:** Common questions of fact and law exist as to all members of each Class and predominate over the questions affecting only individual members of either Class. Identification of the individuals who qualify for as a member of either Class will be sufficient to establish liability to the Class member. These common questions include whether:

(a)     Defendants knew that a Class member had disputed a particular debt;

(b)     Defendants communicated to any CRA that a Class member owed a such debt, but failed to communicate to the CRA that the Class member disputed that debt;

(c)     Defendants' conduct violated 15 U.S.C. § 1692e;

(d)     Defendants' conduct violated Cal. Civ. Code § 1788.17;

(e)     Defendants' conduct violated Cal. Civ. Code § 1785.25(a);

(f)   Defendants failed to maintain and follow procedures reasonably adapted to avoid any unintentional violation of 15 U.S.C. § 1692e; and

(g)   Plaintiff and other members of the respective Classes are entitled to damages, costs, injunctive relief, and attorneys' fees.

30.   **Class Typicality:** Holmes's claims are typical of the claims of the other members of the respective Classes. Holmes is not different in any relevant way from any other member of either Class, and the relief he seeks is common to each Class.

31.   **Adequate Representation:** With respect to each Class alleged in this Complaint, Holmes will fairly and adequately represent and protect the interests of the other Class members: his interests do not conflict with the interests of the Class members he seeks to represent. Furthermore, there is no conflict between the interests of the two Classes. Holmes has retained counsel competent and experienced in complex class actions, and he intends to prosecute this action vigorously.

32.   **Predominance and Superiority:** Each Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual Class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for the Class members individually to obtain effective relief from Defendant's misconduct. Even if the Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

33.   **Policies Generally Applicable to the Classes:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds

generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to either Class as a whole. The policies of the Defendants challenged herein apply and affect members of both Classes uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

### Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e

34.      Holmes incorporates by reference and realleges all paragraphs previously alleged herein.

35.      Holmes and all the members of each Class are natural persons which BACS and/or CBA allege are obligated to pay debts, and are consumers under the meaning of 15 U.S.C. § 1692a(3).

36.      Defendants are debt collectors under the meaning of 15 U.S.C. § 1692a(6).

37.      Holmes and the other members of the respective Classes communicated to Defendants that they disputed the amount and validity of the debts Defendants allege that they were obligated to pay. In the alternative or in the addition, Defendants learned that the members of the respective Classes disputed the debt when Defendants purchased the rights to collect those debts.

38.      Defendants nonetheless reported those alleged debts to the CRAs, but failed to also communicate that the debts had been disputed.

39.      15 U.S.C. § 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

40.      Defendants reporting of the debts to the CRAs was a false, deceptive, or misleading representation or means, and violated 15 U.S.C. § 1692e.

41.      Defendants do not have a reasonable system in place to ensure that they report debts that are disputed by the consumers as disputed debts to the CRA. Defendants actions were not the result of a *bona fide* error and the Defendants failed to maintain

reasonable procedures adapted to avoid such errors.

42.     Holmes and the other members of the respective Classes have suffered actual injury as a result of the Defendants' violation of 15 U.S.C. § 1692e(8). These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

43.     Holmes and the other members of the Classes seek to recover actual or statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under 15 U.S.C. § 1692k.

### Count II: Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17

44.     Holmes incorporates by reference and realleges all paragraphs previously alleged herein.

45.     As alleged above, Defendants violated 15 U.S.C. § 1692e(8). Consequently, Defendants also violated Cal. Civ. Code § 1788.17.

46.     Holmes and the other members of the respective Classes have suffered actual injury as a result of the Defendants' violation of Cal. Civ. Code § 1788.17. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

47.     Holmes and the other members of the respective Classes seek to recover actual or statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under Cal. Civ. Code §§ 1788.17, 1788.30.

### Count III: Violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a)

48.     Holmes incorporates by reference and realleges all paragraphs previously alleged herein.

49.     TransUnion, Experian, and Equifax are consumer credit reporting agencies, under the meaning of Cal. Civ. Code § 1785.3(d).

50.     The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

51.     Holmes and the other members of the respective Classes communicated to Defendants that they disputed the amount and validity of the debts Defendants allege that they were obligated to pay. In the alternative or in the addition, Defendants learned that the members of the respective Classes disputed the debt when Defendants purchased the rights to collect those debts.

52.     Defendants nonetheless reported those alleged debts to the CRAs, but failed to also communicate that the debts had been disputed.

53.     Defendants furnished information they knew or should have known to be incomplete and inaccurate to the CRAs. Defendants violated Cal. Civ. Code § 1785.25(a).

54.     Holmes and the other members of the respective Classes have suffered actual injury as a result of the Defendants' violation of Cal. Civ. Code § 1785.25(a). These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

55.     Holmes and the other members of the respective Classes seek to recover actual or statutory damages, in an amount to be determined at trial, injunctive and equitable relief, and the costs of the action (including attorneys' fees) under Cal. Civ. Code § 1785.31.

### Count IV: Violation of the UCL,  Cal. Bus. & Prof. Code § 17200

56.     Holmes incorporates by reference and realleges all paragraphs previously alleged herein.

57.     Defendants reports to the CRAs regarding the debts disputed by the

members of the Classes were deceptive and misleading because they omitted the material information that the debts were disputed. Creditors and other have relied on this misleading information that the Defendants reported to the CRAs, and have made credit available to the Class members on terms that are less favorable than they would otherwise be.

58.     Defendants foregoing practices were unlawful and violated 15 U.S.C. § 1692e(8) and Cal. Civ. Code §§ 1785.25(a), 1788.17.

59.     Defendants' foregoing practices were deceptive and unlawful, and violated Cal. Bus. & Prof. Code § 17200.

60.     Holmes and the other members of the respective Classes have been injured and have lost money and property as a result of the Defendants' violations of Cal. Bus. & Prof. Code § 17200. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

61.     Holmes and the other members of the respective Classes seek to recover injunctive and equitable relief under Cal. Bus. & Prof. Code § 17203, and the costs of the action (including attorneys' fees) under Cal. Code Civ. Proc. § 1021.5.

WHEREFORE, Harold Holmes prays that the Court enter judgment and orders in his favor and against Credit Bureau Collection Services, Inc. as follows:

(a)     An order certifying BACS Class, directing that this case proceed as a class action, and appointing Holmes and his counsel to represent the BACS Class;

(b)     An order certifying the CBA Class, directing that this case proceed as a class action, and appointing Holmes and his counsel to represent the CBA Class;

(c)     Judgment against BACS and CBA, and in favor of Holmes and the other members of the respective Classes, in an amount of actual damages and statutory damages to be determined at trial;

(d)     Equitable and injunctive relief prohibiting BACS and CBA from continuing their violations of the FDCPA, RFDCPA, CCRAA, and UCL;

Class Action Complaint                              12

1   (e)  An order granting costs and attorneys' fees; and

2   (f)  Such other and further relief as this Court may deem appropriate.

3 Dated: June 3, 2009

              By:_____

                David C. Parisi, Esq. (162248)
                Suzanne Havens Beckman, Esq. (188814)
                PARISI & HAVENS LLP
                15233 Valleyheart Drive
                Sherman Oaks, California 91403
                (818) 990-1299 (phone)
                (818) 501-7852 (facsimile)
                dcparisi@parisihavens.com
                shavens@parisihavens.com

                *Attorneys for Plaintiff Harold Holmes*

Class Action Complaint       13

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 3, 2009

By:_____

David C. Parisi, Esq. (162248)
Suzanne Havens Beckman, Esq. (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiff Harold Holmes*

Class Action Complaint                              14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Bay Area Credit Service, LLC                                November 25, 2008
1000 Abernathy Road, Bldg. 400, Suite 165
Atlanta, GA 30328

Reference Account #79653230

To Whom It May Concern:

This is to inform you that this matter is in dispute and has been in dispute since July
2007. All undisputed charges from AT&T have been paid in full. AT&T has repeatedly
turned this account over to a number of collection agencies all of whom have withdrawn
upon receipt of my documentation. TransUnion has investigated the matter and removed
the collections entry from my credit report. Experian and Equifax are currently
conducting their own investigation and I expect the same result.

AT&T's continued attempts to collect this disputed amount without any review of the
nature of the dispute has transgressed into harassment by AT&T, and the matter is now
being dealt with by my attorney. **Please send all future correspondence to:
Law Office of Clay R. Sides, Esq.; 180 South Main Street, Fallbrook, CA 92028.**

Please also find the enclosed letter that I sent to your organization on March 24, 2008
regarding this same account (although you have changed the account number).
Supporting documentation for the dispute was submitted at that time. Mr. Sides also
contacted you regarding this matter. I have received no correspondence from your
company indicating that you have investigated this matter, yet I now receive a renewed
attempt to collect the same disputed amount (with interest added) under a different
account number. I now demand that you cease contacting me and desist all efforts to
collect this disputed amount. Any future attempts to collect will result in all possible
legal action seeking appropriate actual costs and damages.

Please notify Mr. Sides upon receipt of this correspondence and resolution of this matter.
Thank you for your cooperation.

Sincerely,

Harold W. Holmes
holmes_2@att.net

cc. Law Office of Clay R. Sides

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



AnnualCreditReport.com | ▸ Return to AnnualCreditReport.com | ▸ Frequently Asked Questions | ▸ Contact AnnualCreditReport.com

**TransUnion™**

your products | your account | help | logout

| welcome | credit report | score | security freeze | credit monitoring | debt analysis | learning center | free offers |

transunion credit report | report an inaccuracy | consumer rights

## Personal Credit Report

→ Harold, remember to...

**HAROLD W. HOLMES**
Source: TransUnion

February 2, 2009
Available until Mar 4, 2009

- **Get your credit score +** tips for making it higher.
- **View your debt analysis.**

**Bad Credit?**
Low APR Card
**Compare 0%**
Credit Cards
**Capital One**
Card Lab

🖨 Display a printer friendly version

❓ Found an inaccuracy? Click to learn about correcting

**Personal Information**

File Number: 199739241
Date Issued: 02/02/2009

**Name:** HAROLD W. HOLMES

You have been on our files since 04/1982

### CURRENT ADDRESS
**Address:**

**Date Reported:** 04/2007

### PREVIOUS ADDRESSES
**Address:**

**Date Reported:** 01/2005

**Address:**

### EMPLOYMENT DATA REPORTED
**Employer Name:**
**Date Reported:** 08/2006

**Position:**
**Date Hired:**

**Employer Name:** LCACA1 CALIFORNIA
**Date Reported:** 12/2001

**Position:**
**Date Hired:**

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

**Account Information**

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| NA | X | OK | 30 | 60 | 90 | 120 |
| **Not Applicable** | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

**Adverse Accounts**

The following accounts contain information that some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

**BAY AREA CREDIT SVCS INC #79653230**

2860 ZANKER RD
STE #105
SAN JOSE . CA 95134
(800) 657-1234

| | |
|---|---|
| Balance: | $305 |
| Date Updated: | 12/2008 |
| Original Balance: | $305 |
| Original Creditor: | AT T WEST |
| Past Due: | >$305< |

| | |
|---|---|
| Pay Status: | >Collection Account< |
| Account Type: | Open Account |
| Responsibility: | Individual Account |

**Loan Type:** Collection Agency Attorney
**Remark:** >Placed for collection<
**Date placed for collection:** [ 11/2008]
**Estimated date that this item will be removed:** 12/2014

**COLLECTION BUR OF AMER #12592809**

25954 EDEN LANDING
FIRST FLOOR
HAYWARD . CA 94545-3899
(800) 659-5770

| | |
|---|---|
| Balance: | $88 |
| Date Updated: | 01/2009 |
| Original Balance: | $88 |
| Original Creditor: | 10 AT T PACIFIC BELL |
| Past Due: | >$88< |

| | |
|---|---|
| Pay Status: | >Collection Account< |
| Account Type: | Open Account |
| Responsibility: | Individual Account |

**Loan Type:** Collection Agency Attorney
**Remark:** >Placed for collection<
**Date placed for collection:** [ 12/2008]
**Estimated date that this item will be removed:** 07/2014

## Satisfactory Accounts

The following accounts are reported with no adverse information. (Note: The account # may be scrambled by the creditor for your protection).



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C



# COLLECTION BUREAU OF AMERICA



P.O. BOX 5013, HAYWARD, CA 94540-5013
888-656-9285 510-781-5125

| | |
|---|---|
| CREDITOR: | AT&T - CALIFORNIA |
| ACCOUNT NO: | 8585656513468 |
| PRINCIPAL: | $   305.88 |
| LATE PAYMENT CHARGE/INTEREST: | $   11.01 |
| **TOTAL:** | **$   316.89** |

May 9, 2008

11500994
Harold Holmes
4358 Mount Herbert Ave
San Diego  CA  92117-4725

REMIT TO:

**CBA
PO BOX 5013
HAYWARD, CA  94540-5013**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please detach and return top portion with your payment.                    C001808

**WARNING:** If paying by AutoPay or Credit Card there is a fee of $7.99.  This fee is the cost of providing these additional payment options to you.  By choosing either of these options you agree to pay this fee, which shall be added to each payment.

**Contact our office at / ponerse en contacto con nuestra oficina al / 888-656-9285 510-781-5125**

**\*\*\* To pay by phone call 888-454-0313 / para pagar por el teléfono, llamar a 888-454-0313 \*\*\***

**\*\*\* Make your payments online @ www.PAYCBA.com Please use account #11500994 \*\*\***

## - NOTICE - NOTICE - NOTICE - NOTICE - NOTICE -

Your account has been assigned to Collection Bureau of America for collection.  All future communication regarding this obligation should be directed to this office.

As required by various state laws, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

You can satisfy this obligation by:

    (1) Paying by check or credit card over the telephone 888-454-0313 (24-hour touch-tone service)
    (2) Paying by check or credit card on-line @ www.PAYCBA.com <http://www.paycba.com/>
    (3) Paying by check or credit card in the envelope provided
    (4) Making payment arrangements with this office

THIS ACCOUNT HAS BEEN ASSIGNED WITH OUR OFFICE FOR COLLECTION.

This notice has been sent by a collection agency.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity  of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification.

If you request this office in writing within 30 days after receiving this notice, this office will provide  you with the name and address of the original creditor, if different from the current creditor.

You may receive an automated call.  If you do not wish to receive this call, please contact our office  promptly.

Sincerely,

Sandra Parker -- Debt Collector
Collection Bureau of America
888-656-9285 510-781-5125

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency, if you fail to fulfull the terms of your credit obligations.  But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described above.

This is an attempt to collect a debt.  Any information obtained will be used for this purpose.

1ST                    SEE IMPORTANT CONSUMER INFORMATION ON REVERSE SIDE                    11500994

"We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law."

For Colorado residents only:

For Information about The Colorado Fair Debt Collection Practices Act, See WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM. This Communication Is From A Debt Collector.

For Massachusetts residents only:

Our Local Office: CT Corporation Systems 101 Federal Street, Boston, MA 02110 Telephone: (617) 675-6400 Hours: 8:00 a.m. to 5:00 p.m.

For Maine residents only:

Our Local Office: CT Corporation System One Portland Square Portland, ME 04101 Telephone: (207) 774-4000 Hours: 8:00 a.m. to 5:00 p.m.

For New York residents only: License #207851

For Minnesota residents only:

"This collection agency is licensed by the Minnesota Department of Commerce."

For North Carolina residents only: PERMIT # 3381

For Tennessee residents only:

"This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243."

For Utah residents only:

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Additional California Notice:

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877 FTC-HELP or www.ftc.gov."

## CONSUMER RIGHTS

This Notice Has Been Sent By A Collection Agency. This Is An Attempt To Collect A Debt. Any Information Obtained Will Be Used For That Purpose.

Unless You Notify This Office Within 30 Days After Receiving This Notice That You Dispute The Validity Of The Debt Or Any Portion Thereof, This Office Will Assume This Debt Is Valid. If You Notify This Office In Writing Within 30 Days From Receiving This Notice This Office Will: Obtain Verification Of The Debt Or Obtain A Copy Of A Judgment And Will Mail You A Copy Of Such Judgment Or Verification.

If You Request This Office In Writing Within 30 Days After Receiving This Notice, This Office Will Provide You With The Name And Address Of The Original Creditor, If Different From The Current Creditor.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

Collection Bureau of America
P.O. Box 5013
Hayward, CA 94540-5013
Attention: Sandra Parker


June 9, 2008

Reference Account #8585656513468

Ms. Parker,

This is to inform you that this matter is in dispute and has been in dispute since July
2007. All undisputed charges from AT&T have been paid in full. AT&T has repeatedly
turned this account over to a number of collection agencies all of whom have withdrawn
upon receipt of my documentation.

AT&T's continued attempts to collect this disputed amount without any review of the
nature of the dispute has transgressed into harassment by AT&T, and the matter is now
being dealt with by my attorney. Please send all future correspondence to him. I have
enclosed a copy of his letter of representation to the next most recent collection agency
involved so that you will have his contact information.

Thank you for your cooperation.


Sincerely,

Harold W. Holmes

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**Experian**

A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Credit Score |



**Add Triple Alert℠ Credit Monitoring for only $4.95 per month!**



**Get the Score!** Add your Credit Score for only $5.95

**Find Your Perfect Credit Card**

Select Card Type

## Report Summary

| Experian Credit Report | $8.00 |
|---|---|
| Total | $8.00 |

ⓘ Important Note: Print this page or write down your report number and date for future access. To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

Experian credit report prepared for
**HAROLD W HOLMES**

Your report number is
**2630644099**

Report date: **November 25, 2008**

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights
Credit Fraud Center

• There are 1 potentially negative items in your report. What if I want to dispute an item in my report?

• You have 18 accounts in good standing in your report.

• Check the recent requests for your credit history.

• Check your personal information.

• Check your personal statement.

• Important message from Experian.

• Contact us.

• **Know your rights.**

• Triple Alert keeps a close eye on your credit reports and includes your score!

• Knowing your Credit Score may save you money on a new loan!

©Experian 2008. All rights reserved.
Experian and the marks used herein are service marks or registered trademarks of Experian.
Other product and company names mentioned herein may be the trademarks of their respective owners.



**Experian**

A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Credit Score |
|---|---|---|---|---|---|---|---|---|

## Potentially Negative Items or Items for Further Review

❓ What does potentially negative or items for further review mean?    ❓ What if I feel there is an error?



Experian credit report prepared for
**HAROLD W HOLMES**

Your report number is
**2630644099**

Report date: **November 25, 2008**

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights

Credit Fraud Center

**Item Detail**

Dispute this item >>

**CBA COLLECTION BUREAU OF**

**Address:**
25954 EDEN LANDING RD
HAYWARD, CA 94545
*No phone number available*

**Account Number:**
11500994

**Original Creditor:**
AT T - CALIFORNIA

**Address Identification Number:** 0182246077

**Status:**
Collection account. $305 past due as of Jul 2008.

| | | |
|---|---|---|
| **Date Opened:** 05/2008 | **Type:** Collection | **Credit Limit:** $306 |
| **Date of Status:** 07/2008 | **Terms:** 1 Months | **High Balance:** N/A |
| **Reported Since:** 06/2008 | **Monthly Payment:** $0 | **Recent Balance:** $305 |
| **Last Reported Date:** 07/2008 | **Responsibility:** Individual | **Recent Payment:** $0 |

**Account History:**
Collection as of Jul 2008, Jun 2008