IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD HOLMES, an individual, on his own
behalf and on behalf of all others similarly situated,

    Plaintiff,

  v.

COLLECTION BUREAU OF AMERICA, LTD.,
a California corporation, and BAY AREA CREDIT
SERVICE, LLC, a California limited liability
company, and DOES 1-100, inclusive,

    Defendant.

No. C 09-02540 WHA

**ORDER RE MEDIATION
DISCOVERY DISPUTE**

      In this proposed class action regarding debt collection, the present evidentiary dispute arose as follows. The parties engaged in mediation on September 2, 2009. On October 26, 2009, counsel for plaintiff submitted a letter brief to the Court requesting permission to disclose "evidence" allegedly relevant to resolution of the preliminary injunction motion learned through the mediation (Dkt. No. 37). The letter claims that, due to plaintiff's assertion of a federal claim under the Fair Debt Collection Practice Act, a federal law privilege applies. According to plaintiff, under the federal law privilege parties may disclose information learned through mediation to the court, rather plaintiff insists that only third parties are precluded from using discovery procedures to learn information exchanged between parties to the mediation. Plaintiff requests this order to rule that (1) federal law determines the evidentiary privileges

applicable to this case and (2) the federal mediation privilege does not prohibit plaintiff from introducing evidence received through mediation from one or more of the defendants.

Counsel for defendant Collection Bureau of America responded by submitting a letter on October 26, 2009, stating that CBA was not the party that revealed the alleged "evidence" at the mediation session in question (Dkt. No. 38). Therefore, defendant CBA requests that any orders issued on this matter address will only address the proper defendant to whom plaintiff's brief is directed and not include a ruling relating to CBA.

Counsel for defendant Bay Area Credit Service, LLC, (BAC) responded by submitting a letter on October 27, 2009, challenging plaintiff's letter brief (Dkt. No. 39). Defendant BAC's letter does not challenge plaintiff's first contention that federal law determines the evidentiary privileges applicable to this case. Therefore, this order assumes that federal law privilege applies to this case. Rather, the sole focus of defendant BAC's letter is that the federal law mediation privilege prevents any party to the mediation from using statements made by defendants during negotiations as proof of liability or wrongdoing. Defendant BAC states that Federal Rule of Evidence 408 and ADR Local Rule 6-12 support this contention.

\*         \*         \*

The mediation in question occurred at JAMS. This occurred *before* the case management conference. The undersigned judge did not refer counsel to JAMS.

If the mediation had occurred pursuant to our own Court's ADR program, then ADR Local Rule 6-12 would apply. Rule 6-12 states, in relevant part:

> [T]his court, the mediator, all counsel and parties, and any other persons attending the mediation shall treat as 'confidential information' the contents of the written Mediation Statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation.

This local rule does not apply because the JAMS session was initiated by the parties without the Court's intervention. Neither party has invoked any agreement with JAMS setting forth any restrictions on disclosure of communications made during the mediation. Sometimes mediators insist on a confidentiality agreement, but apparently this was not done in this case.

2

In the absence of such an agreement, the immediate problem is governed by Federal Rule of Evidence 408, not by any "federal mediation privilege." Even if there were such a thing, it has no application here because the supposed theory applies only against disclosures made to third parties. Under Rule 408(a), any conduct or statements made during mediation may not be usable for any of the prohibited uses set forth in Rule 408(a), which is presumably what plaintiff wants to use the "evidence" for. If, however, a company document came out during the mediation, the undersigned reads Rule 408 to allow its use in the litigation since the Rule covers only "conduct or statements" made, rather than evidentiary documents such as emails revealed, at the mediation in question. The foregoing is the best the Court can do on the limited record provided.

The Court previously instructed counsel that there should be no attempts to settle on a class-wide basis prior to class certification for the reasons stated elsewhere. The undersigned expects counsel to comply with this.

**IT IS SO ORDERED.**

Dated: October 29, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE