1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD HOLMES, an individual, on his
own behalf and on behalf of all others
similarly situated,

          Plaintiff,

    v.

COLLECTION BUREAU OF AMERICA,
LTD., a California corporation, and BAY
AREA CREDIT SERVICE, LLC, a
California limited liability company, and
DOES 1–100, inclusive,

          Defendants.

                               /

No. C 09-2540 WHA

**ORDER DENYING MOTION
FOR PRELIMINARY
INJUNCTION AND VACATING
HEARING**

**INTRODUCTION**

In this proposed class action regarding debt collection, plaintiff moves for a preliminary

injunction. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

Plaintiff Harold Holmes is an individual who disputes several AT&T bills for telephone

service. These include bills for account numbers 8585054602509 ("Account No 509"),

85856513468 ("Account No. 468") and 79653230 ("Account No. 230"). Defendants Collection

Bureau of America ("CBA") and Bay Area Credit Service, LLC ("BAC") are collections

agencies. It is undisputed that defendant CBA was assigned to collect on Account Nos. 468 and

509 and defendant BAC was assigned by AT&T to collect on Account No. 230.

**United States District Court**
For the Northern District of California

1    Plaintiff contends in a sworn declaration that he disputed the debts in question in

2    correspondence sent to defendants, appended as exhibits.  Plaintiff contends that after he

3    disputed these debts, defendants reported the debts as undisputed to the three credit reporting

4    agencies in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692–1692p, the

5    Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.33, the California

6    Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1–1785.36, and the

7    California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.  Plaintiff bases this

8    contention on his sworn declaration that copies of his credit reports from the credit reporting

9    agencies Experian and TransUnion indicated that defendants reported these debts as undisputed

10    after the dates when plaintiff declares he had disputed them in writing to defendants (*ibid.*).

11    Plaintiff specifically declares that he disputed Account No. 230 to BAC on November

12    25, 2008 (Holmes Decl. 2).  Defendant BAC admits under oath that on January 19, 2009, it

13    received plaintiff's November letter that Account No. 230 was disputed (Grossman Decl. 3–4).

14    It declares that through a clerical error it coded the letter only to acknowledge that plaintiff was

15    represented by an attorney, not that the debt was disputed (*ibid.*).  It also contends under oath

16    that it ceased reporting plaintiff's debt on June 28, 2009, and that the account has been recalled

17    by AT&T (*id.* at 4).

18    Plaintiff declares that he sent a dispute letter to CBA on June 9, 2008.  Defendant CBA

19    contends under oath that it did not receive this letter and was never informed that Account No.

20    468 was disputed until after it had been cancelled in November 2008 (Malmstrom Decl. 3–4).

21    It further declares that after Account No. 468 was cancelled, it immediately so informed the

22    three major credit reporting agencies Experian, Equifax and TransUnion (*ibid.*).  CBA also

23    contends under oath that it first received notice from plaintiff that his other account, Account

24    No. 509, was disputed on February 3, 2009, and that the same day CBA noted the dispute in its

25    computer system and uploaded notice of the dispute to the three credit reporting agencies and to

26    AT&T's database (*id.* at 4).

27    Plaintiff's complaint was filed on June 8, 2009, on behalf of a purported class of all

28    persons whom defendants have reported to a credit reporting agency as owing a particular debt

2

United States District Court

For the Northern District of California

1   without reporting that the debt was disputed when defendants' records reflected that it was

2   disputed.  The complaint seeks injunctive remedies as well as compensatory, statutory and

3   punitive damages.

4         On July 8, plaintiff filed the present motion for a preliminary injunction (1) to enjoin

5   defendants from reporting as undisputed any purported debt which has been disputed in writing

6   by the person who purportedly owes the debt, (2) to enjoin defendants from selling, assigning or

7   transferring any disputed debt without disclosing to the person receiving or attempting to

8   purchase the debt that it has been disputed, or causing the debt not to be reported at all, and (3)

9   to require defendants to report as disputed within 60 days any debt which was previously

10  reported as undisputed to a credit reporting agency but which has been disputed in writing by

11  the person who purportedly owes the debt.  This is essentially the same injunctive relief that

12  plaintiff seeks in his complaint.

13        On October 29, plaintiff moved for the first time for class certification and noticed a

14  hearing on that motion for December 3.  That motion has not yet been ruled upon.

**ANALYSIS**

16        "A preliminary injunction is a drastic and extraordinary remedy that is not to be

17  routinely granted."  *Nat'l Steel Car, Ltd. v. Canadian P. Ry., Ltd.*, 357 F.3d 1319, 1324 (Fed.

18  Cir. 2004) (internal quotation omitted).  "A plaintiff seeking a preliminary injunction must

19  establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

20  the absence of preliminary relief, that the balance of equities tips in his favor, and that an

21  injunction is in the public interest."  *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008).  For the

22  reasons stated below, this order holds that plaintiff has not established likelihood of irreparable

23  harm either as to himself or on behalf of his purported class.

24        **1.    LIKELIHOOD OF IRREPARABLE HARM.**

25        The Supreme Court in *Winter* clarified that even if a likelihood of success on the merits

26  is established, a mere "possibility" of irreparable injury will not suffice.  Plaintiff can only

27  receive preliminary injunctive relief if he shows that irreparable injury is "likely" if the relief

28  does not issue.  *Id.* at 374–76.  Past exposure to illegal conduct does not in itself show a present

1 │ case or controversy regarding injunctive relief if unaccompanied by any continuing, present

2 │ adverse effects.

3 │      The offending conduct here has already ceased.  Plaintiff submits no evidence that

4 │ defendants ever falsely reported a disputed debt as undisputed as to anyone other than himself,

5 │ so there is no basis to find that irreparable harm is warranted as to a purported class.  Nor does

6 │ the evidence support a likelihood of irreparable injury as to his individual claims. The evidence

7 │ is uncontested that defendants have stopped reporting plaintiff's disputed accounts as

8 │ undisputed (Grossman Decl. 4; Malmstrom Decl. 4).  Plaintiff's complaint and motion focus

9 │ exclusively on past harm he allegedly incurred.

10 │      Plaintiff argues that injunctive relief is warranted because defendants might renew their

11 │ alleged conduct of reporting his disputed debts as undisputed, or might sell his debts to others

12 │ without disclosing their disputed status.  Defendants are not the owners of plaintiff's disputed

13 │ accounts, however, and therefore cannot sell or assign them to anyone else (*ibid.*).

14 │      The procedural history of this motion also suggests that plaintiff does not require a

15 │ preliminary injunction to avoid irreparable harm.  Plaintiff originally noticed the motion for

16 │ hearing on August 13, 2009.  On July 28, the parties filed a stipulation to continue that hearing

17 │ until October 8, 2009.  The Court reset the hearing date to October 15, 2009.  On October 13,

18 │ the Court with some reluctance granted another stipulation from the parties to continue the

19 │ hearing date until November 12, 2009.  On November 4, plaintiff moved to continue the hearing

20 │ for a third time until December 3, 2009.  If plaintiff felt that injunctive relief were truly

21 │ necessary to avoid irreparable harm, he would have acted with alacrity.  For all these reasons,

22 │ this order finds that plaintiff is unlikely to suffer irreparable harm in this action in the absence

23 │ of injunctive relief.  *Winter*, 129 S. Ct. at 367.

24

25

26

27

28

**United States District Court**
For the Northern District of California

4

1

2                                      **CONCLUSION**

3          For the foregoing reasons, plaintiff's motion for a preliminary injunction is **DENIED**.

4   The hearing scheduled for November 12, 2009, is hereby **VACATED**.

5

6          **IT IS SO ORDERED.**

7

8   Dated:  November 9, 2009.

9                                          WILLIAM ALSUP
                                           UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28