IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HOLMES, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTION BUREAU OF AMERICA, LTD., a California corporation, and BAY AREA CREDIT SERVICE, LLC, a California limited liability company, and DOES 1–100, inclusive<br><br>Defendants. | No. C 09-02540 WHA<br><br>**ORDER RE STIPULATED MOTION TO DISMISS DEFENDANT COLLECTION BUREAU OF AMERICA, LTD.** |

One of the abuses under Rule 23 is the tactic of filing a class action and then using the threat of a class proceeding to extract a favorable settlement for the individual plaintiff. When this is done prior to class certification, the putative class members receive absolutely no benefit. Their potential presence in the case is simply misused to inflate the size of settlement for the individual plaintiff and the individual plaintiff's attorney. Another feature is that while attorney's fees for class settlements must be approved by the Court, attorney's fees in individual settlements are not. To curb this abuse, Rule 23(e) provided for many years that no settlement in a putative class action could be consummated without court approval whether or not a class had been certified. *See Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th

Cir.1989). In that decision, the court of appeals stated that pre-certification approval was required "to ensure that [a settlement] is not collusive or prejudicial."

In 2003, however, Rule 23(e) was changed to read as follows: "The claims, issues, or defenses *of a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval" (emphasis added). The revised Rule 23 does not expressly dispense with approval in any and all as-yet-uncertified cases. The Ninth Circuit has not yet clarified this issue. If the Ninth Circuit ever does rule on this issue, the undersigned would urge that district courts retain some authority as needed to disapprove settlements that appear to be abuses of the class action device and/or to require notice to putative class members as a condition of settlement (so that anyone who has been relying on the pendency of the action may commence their own action). That authority is not so clear, however, on the present caselaw.

Here, plaintiff Harold Holmes is an individual who disputes several AT&T bills for telephone service. Defendant Collection Bureau of America ("CBA") and Bay Area Credit Service, LLC ("BAC") are collections agencies that were assigned by AT&T to collect on the bills. Plaintiff contends that after he disputed the debts in question, defendants illegally reported those debts as undisputed to three credit reporting agencies. On June 8, 2009, plaintiff filed a complaint on behalf of a purported class of all persons whom defendants have reported to a credit reporting agency as owing a particular debt without reporting that the debt was disputed when defendants' records reflected that it was disputed. Both defendants have answered the complaint. Plaintiff moved for a preliminary injunction to enjoin defendants from reporting disputed debts as undisputed. That motion was denied on November 9, 2009. On October 29, 2009, plaintiff moved for class certification but he withdrew the motion on November 9, 2009.

The most recent event in this action is that plaintiff and defendant CBA have evidently reached an individual settlement and have asked the Court "for an Order dismissing, with prejudice" as to CBA and retaining jurisdiction to enforce the settlement agreement. No details are given. There is no way to tell whether or not any abuse has occurred.

The parties are free to settle the case, dismiss the matter, and stipulate between themselves that it is with prejudice. They are not, however, entitled to require the Court to agree to retain jurisdiction to enforce terms of settlement it has never seen nor entitled to require the Court to bless the settlement with an order that it is with prejudice. The stipulation alone can govern whether dismissal will be with prejudice between the parties.

The reason the Court will decline to bless this settlement is that it is too familiar with the potential abuse described above and recognized by the Ninth Circuit in *Diaz*. The Court will not place its imprimatur on a settlement it has not seen and without understanding whether the threat of class action was used to extract a bonus for the individual plaintiff and his attorney. Nor will the Court retain jurisdiction to enforce the agreement. As stated however, the parties are free to settle on an individual basis by stipulation without involving the Court.

If the parties wish to involve the Court in their settlement, they are free to try again and to provide a record that would show their good faith, show no collusion or abuse is afoot, and show cause why notice need not be given to the putative class, and show cause why jurisdiction should be retained to enforce the settlement.

**IT IS SO ORDERED.**

Dated: January 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE